W. S. BROWN and wife *v.* T. S. COOPER, Adm'r.

*Issue—Repleader—Practice.*

When, upon a review of the record sent up to this court, the contending allegations of the parties in the court below do not appear to have evolved any issue, a *venire de novo* will be awarded in order that there may be a *repleader.*

(*McKee* v. *Lineberger*, 69 N. C., 217, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1880, of MECKLENBURG Superior Court, before *McKoy, J.*

The complaint states that in May, 1857, A. F. Sadler (the defendant's intestate) and one William Clanton executed a note under seal to Eliza Cathey, for two hundred and thirty dollars, payable one day after date, and in July, 1864, the feme plaintiff purchased the note from said Cathey for a valuable consideration, and no part of the same has been paid, except the interest for one year; that in April, 1865, the dwelling of the feme plaintiff was destroyed by fire, together with said note and other valuable papers belonging to her, and she has demanded payment of the intestate during his lifetime, and also of the defendant administrator, offering full indemnity in the premises; and that judgment has been obtained against Clanton, but that for the reason that he has no property the sheriff has returned the execution issued thereon, unsatisfied. The defence set up in answer to the plaintiffs' allegation is sufficiently stated in opinion. Verdict and judgment for plaintiffs, appeal by defendant.

*Mr. Clem. Dowd*, for plaintiffs.
*Messrs. Wilson & Son*, for defendant.

SMITH, C. J. The feme plaintiff's claim to the note de-

scribed in the complaint and the money due thereunder is derived from an alleged purchase for value and a transfer from the payee to her in the year 1864. This is not met with any denial in the answer, and the defence set up is the substitution of the intestate's individual note, and its acceptance in payment by the payee of the original, on which he was a surety only, and the discharge of the former by successive payments begun in 1869 and ending in 1871. There was therefore no issue allowable upon an undisputed averment, and none was submitted to the jury, whose only finding bearing upon the point is that the note when destroyed was the property of the plaintiff, and without ascertaining by what means it had been acquired.

The objectionable part of the charge to the jury in relation to this subject is as follows:

"If Sadler went to Eliza Cathey and took up the Clanton note by substituting his own therefor, he had a right afterwards to give or assign the Clanton note to the plaintiff, and so far as he was concerned he would still be liable therefor, and if the jury believe such to be the facts in this case the plaintiff would be entitled to recover."

The instruction is predicated upon the assumed surrender of the original obligation to the intestate when he executed his individual note in its place, and its subsequent disposition and delivery to the feme plaintiff, and the legal effects resulting from the transaction. But this is not the case made in the complaint, nor the source from which she deduces her right, and the repugnance between the allegations and proofs is apparent. The discrepancies are obvious and insurmountable. In the one case the note is given up, in the other retained. The uncontroverted statement in the complaint is that the payee in possession (and the apparent owner) has transferred the original note for a valuable consideration, and the answer sets up a subsequent payment of the renewed obligation to the payee. The evidence on which

the charge is made tends to show that the intestate took into his possession the secured note when he gave his own, and after its transfer by him voluntarily paid off the latter.

With this incongruity upon the face of the record, no judgment can be pronounced, and we have no alternative but to remand the case for a new trial and a more consistent record. The allegations and proofs must correspond. *McKee* v. *Lineberger,* 69 N. C., 217.

There would be little hesitancy in holding the intestate liable if the transfer was made as stated in the complaint, and he afterwards with full knowledge thereof discharged the second note, and it may be that the equitable estoppel arising out of his own act in dealing with and disposing of a discharged bond as a valid and subsisting security, will prevent him from showing its nullity, and thus escaping personal responsibility upon it. The very act of disposition with the undisclosed antecedent facts affecting its continued validity, carries with it an implied warranty that the moneys specified are due, and that the note is in force so far as his personal accountability is involved.

But we do not undertake to decide a question altogether hypothetical, and which may not arise upon another trial. The judgment must be reserved and a new trial awarded, and it is so adjudged.

Error.                                *Venire de novo.*